THE NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.* BARBARA WEAKS.

ACTIONS, LOCAL AND TRANSITORY. *Plea in abatement.* Where a justice of the peace in Carroll county issued a civil warrant charging the defendant, a railroad corporation, with "wilfully and negligently burning 300 pannels of rail fence, 50 apple trees, 25 acres of timber and forest trees, and two acres of corn in a field," and the defendant pleaded in abatement that the land on which the rails were built, and the trees, timber and corn were growing, was wholly in Benton county. Held by a majority of the court that a demurrer to the plea was properly sustained.

FROM CARROLL.

Appeal in error from the Circuit Court of Carroll county.    T. J. CARTHEL, J., presiding by interchange.

HAWKINS & TOWNS for Railroad.

JAS. P. WILSON for Weaks.

DEADERICK, C. J., delivered the opinion of the court.

This is an action upon the facts of the case, begun by defendant in error before a justice of the peace of

Carroll county.   The warrant charges the defendant below with " wilfully and negligently burning three hundred pannels of rail fence, fifty apple trees, twenty-five acres of timber and forest trees, and two acres of corn in a field."

The defendant pleaded in abatement that the land on which the rails were built, and the trees, timber and corn were growing, was in Benton county, and no part of the same was in Carroll county.

The plaintiff demurred to this plea and the court sustained the demurrer, and upon trial, verdict and judgment were rendered for her, and defendant has appealed in error to this court.

We are of opinion that there is evidence to sustain the verdict.   But it is insisted that the action in this case is local in its nature, and was brought in a different county from that in which the cause of it arose, and that the court below had erred in overruling the defendant's plea in abatement.

The case cited in 5 Lea, 600, only decides that an action against a corporation for personal injury may be brought in any county where the company has an office or agency.   But it does not hold, nor do the sections of the Code cited maintain the proposition contended for, that an action for injury to realty may be brought in any other than the county in which it is situate.   An action for personal injury is a transitory action.

This is an action for injury to the realty, and such injury could only have arisen at the place where the land is, and the suit must be brought in the county

where the land lies, in all actions for the recovery of the land itself, or for waste, etc: 1 Ch. Pl., 297.

And so also where an action is brought to recover damages occasioned by injuries to property, it is local such as trespass or case for nuisance or waste, etc., to houses, lands, water courses, right of common, wages or other real property: *Id.* 297.

Such is the language of Mr. Chitty, and he adds: "If the land, etc., be out of this Kingdom the plaintiff has no remedy in the English courts." Thus showing that the rule is not governed by the form of action, but by its cause. The rule is stated that the action is local whether it be trespass or case to recover damages for injury to the real property.

Caruthers, in his History of a Law-suit, section 31, says a local action must be brought in the county where the land lies, and that an action for land, *or for injuries to it,* is a local action, and cites 1 Chitty Pl., 268; 1 Rob. Practice, 353. And he adds, this rule not having been repealed by the Code, stands in full force.

In our State there is no distinction between trespass and case, a suit brought in one form may be sustained by evidence of either. And in this case the warrant charges the burning to have been done wilfully and negligently. The property burned was part of the realty: Code, sec. 57.

I am, therefore, of opinion that the court below erred in sustaining the demurrer to the plea in abatement, and the report of the Referees should be set aside, and the judgment below reversed and the cause

remanded for issue and trial upon the plea in abatement. But the majority of the court hold that the report of the Referees is correct and that the judgment should be affirmed, which will be accordingly so entered.

COOKE, Sp. J., concurs in the foregoing dissenting opinion.