Plaintiff sued upon two causes of action.
1. For special damages, caused by unreasonable delay in transporting goods from Raleigh, Wake County, to Laurinburg, in Scotland County.
2. For penalty imposed for unreasonable delay, by Revisal, sec. 2632.
Suit was brought in Craven Superior Court, the residence of plaintiff. Defendant demurred and assigned several causes of demurrer, but relied, in this Court, only upon the third ground: "The defendant demurs to the jurisdiction of this court over the action for penalty for delay in transportation of freight, because it does not appear that the cause of action, or any part thereof, arose in Craven County." His Honor overruled the demurrer. Defendant appealed.
While it does not so appear upon the face of the complaint, we take judicial notice of the fact that the Seaboard Air Line Railway Company does not pass through the county of Craven; hence no delay could have occurred in transporting plaintiff's goods in that county. Revisal, sec. 420, prescribes that an action for a penalty imposed by statute must be brought in the county where the cause of action, or some part thereof, arose. Defendant concedes that, if the *Page 416 
action is brought in the wrong county, the court, upon motion, will not dismiss, but remove the action to the proper county. The statute (Rev., 425) provides that if the county named in the summons be not the proper county, it may be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be had in the proper county, etc.
It is manifest that the question of venue is different from that of jurisdiction, which can be raised only by demurrer. Rev., 474. The demand for removal is in no proper sense equivalent to a demurrer for that the court has no jurisdiction.
In Rankin v. Allison, 64 N.C. 673, it is said the Court "might consider the answer" an application for removal. It did not do so, and we are not disposed to consider the remark of the Court as an authority requiring us to dispense with an express statutory provision. The Code of Civil Procedure had but lately been adopted, and this Court frequently overlooked a failure to comply strictly with its provisions.
In Cloman v. Staton, 78 N.C. 235, it is said that a motion to dismiss because the action is brought in the wrong county will be treated as a motion to remove. In that case the court below dismissed the action.
These two cases are not decisive of the question presented here. It is the manifest purpose of the law to require the defendant to make the motion for removal at the earliest opportunity, to the end that the objection be either waived or disposed of, so that the parties may (570) not be delayed in coming to an issue upon the merits. The statute is explicit, and we find no authority in the court to make it "of none effect." Departures from well-settled rules prescribed for judicial procedure produce delay in the trial of causes, too often resulting in denial of justice. His Honor properly overruled the demurrer.
It would seem that, as the action in respect to the first cause was properly brought in Craven County, and the two causes of action arose out of the same transaction, both the letter and spirit of the law would be met by permitting them to be tried in that county, otherwise, the court would be compelled to separate the two causes of action and direct the removal of one to another county, retaining the other. The two causes of action are permitted to be joined because they arise out of the same transaction. It is manifest that practically the same evidence will be relevant in the trial of both causes of action.
Our attention is called to the decision in Edgerton v. Games,142 N.C. 223. It will be observed that, while there were three causes of action set forth in the complaint, each of them involved title to the horse, which was the real subject-matter of the controversy. If plaintiff recovered upon either cause of action, he claimed the horse. The distinction between that case and the one before us is obvious. Here no *Page 417 
property is claimed; only a money judgment can be rendered in any aspect of the case. His Honor was right in refusing to remove the cause. The judgment must be
Affirmed.
Cited: Perry v. R. R., 153 N.C. 120.
(571)