C. L. PERRY v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 29 September, 1910.)

**1. Removal of Causes—Injury to Realty—Venue.**

An action against a railroad company to recover damages for burning land is a local one in its nature and triable in the county in which the injury occurred (Revisal, section 419), and upon demand in writing (Revisal, section 425) should be removed to that county if brought in a different one.

**2. Same—Railroads.**

The Acts of 1905, chapter 367, amending the Code, section 192 (Revisal, section 424), providing that actions against railroads may be tried in the county where the plaintiff resided at the time the cause of action arose, expressly excludes actions for injury to lands by making it apply to other cases than those specified in the previous sections, and does not repeal or modify section 419 in regard to the venue of actions of this character, it being for damages for personal injuries. *Probst v. R. R.* 139 N. C., 397, cited and distinguished.

**3. Same—Appeal and Error.**

An appeal directly lies from the refusal of the trial judge to remove a cause to the county in which injury to the plaintiff's land, the subject of the action, was committed.

APPEAL from *D. L. Ward, J.,* at the May Term, 1910, of WILSON.

The facts are stated in the opinion.

*Daniels & Swindell* for plaintiff.
*Murray Allen* for defendant.

WALKER, J. This action was brought in the Superior Court of Wilson County to recover damages for an injury to land situated in the county of Bladen. Plaintiff alleged that the defendant had negligently started a fire near its track which spread over his land and burned the timber thereon. The defendant demanded in writing, as required by Revisal, sec. 425, that the case be removed for trial to the proper county, that is, to the county of Bladen. This motion, called a demand in the statute, was refused and defendant appealed.

With regard to their venue, actions are divided into local and transitory. A local action is one where the principal facts upon which it is founded are of a local nature, an action, in other words, the cause of which could have arisen only in some particular county. Actions to recover damages for injuries to land are classified as local in their nature, because, generally speaking, the wrongful act or the damage to the land could only have been done in the county where the land, or some part thereof, is situated. 22 Enc. of Pl. & Pr., 776. The Revisal, sec. 419, provides as follows: "Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in the cases provided by law: 1. For the recovery of real property or of any form of such right or interest, *and for injuries to real property.*" The negligent burning of timber on land is an injury to real property within the meaning and intent of that section (*R. R. v. Foster,* 107 Ind., 430; *R. R. v. Weeks,* 81 Tenn., 148), and by its provisions an action to recover damages for such an injury should be tried in the county where the injury was committed, and where it is brought elsewhere the court will remove it for trial to the proper county, upon application duly made. We have

recently so decided in a case similar to this one. *Cooperage Company v. Lumber Company,* 151 N. C., 455. But the plaintiff contends that by the Act of 1905, ch. 367, amending the Code, sec. 192 (Revisal, sec. 424), it is provided that actions against railroads may be tried in the county where the plaintiff resided at the time the cause of action arose, and, therefore, that the action was properly brought in Wilson County, and should be tried there, and he relies on *Propst v. R. R.,* 139 N. C., 397, to support his contention. The cause of action in that case was transitory, not local, in its nature, as is the cause of action in this case, and the meaning of the proviso to sec. 424 is that actions against railroads, where not otherwise provided, shall be brought as therein prescribed. This is clear from the language of sec. 424. It is provided in the preceding sections where actions shall be tried, having reference to the nature of the causes of action, and without reference to the character of the defendant as being a natural or artificial person, and then provision is made for the trial of actions against public officers, executors and administrators, domestic and foreign corporations. It is then provided by sec. 424 that in "all other cases" the action shall be tried as therein specified, with a different provision as to actions against railroads. We held in *Propst v. R. R.,* that the proviso applied to all railroads, whether resident or non-resident, and we necessarily referred to an action of the kind then under consideration. It was not intended to decide, and we did not decide, that the proviso repealed sec. 419, or even modified it. The expression, "in all other cases," *ex vi termine,* excludes the idea that the Legislature intended the proviso to apply to an action against a railroad for the recovery of land, or any injury thereto, so that such an action will not be subject to the provisions of Revisal, sec. 419. When an action is brought for the recovery of real property, or any estate or interest therein, or for injuries thereto, the place of trial is determined by the nature of the cause of action, which is local, and not by the fact that one of the parties, the defendant, happens to be a railroad, and therefore it can make no difference who the parties are, whether natural or artificial persons. The proviso of sec. 424 is restricted to the kind of actions to which

that section applies, and was not intended to except actions against railroads from the provisions of sec. 419 and 420. In the case of *McCullen v. R. R.,* 146 N. C., 568, decided in 1908, it was conceded in the opinion that an action for a penalty must be brought in the county where the "cause of action or some part thereof arose," under sec. 420 of the Revisal. This would not be so unless the proviso to sec. 424 is to be construed as we have said in. this case it should be. We held, it is true, in *Propst v. R. R.,* that it embraced railroad corporations, foreign and domestic, and to that extent created an exception to sec. 423 relating to such corporations, as to all causes of action coming within the provisions of sec. 424, to which it is an amendment, and this is so because the language of the amendment was so comprehensive as to take in both foreign and domestic railway corporations. The language of the opinion must be read with reference to the particular ·nature of that action, which was brought to recover damages for an injury to the person.

This appeal was properly taken from the order refusing to change the place of trial. *Connor v. Dillard,* 129 N. C., 50.

The court erred in refusing to grant the application for a removal of the case to the proper county for trial.

Reversed.