This action is to recover $900 in the possession of the defendant Bridger.
The plaintiff alleges, in substance, that he is the owner of a tract of land in Virginia; that the defendant R. B. Brady has sold the timber on said land, and has caused the same to be cut and removed; that $900 of the money paid for the timber is now in the possession of the defendant Bridger, as attorney for the defendant Brady, and that he has made demand for said money, which has been refused.
There is no allegation of an unlawful entry upon said land, nor that the cutting and removal was wrongful, and the plaintiff does not ask to recover damages to the land, but that he recover said sum of $900.
When the action was called for trial it was dismissed on the (326) motion of the defendant, upon the ground that the courts of this State did not have jurisdiction thereof, and the plaintiff excepted and appealed.
If the cause of action set out in the complaint is local, the courts of Virginia alone have jurisdiction of it, and if transitory, the action may be maintained in this State.
Actions are transitory when the transactions on which they are based might take place anywhere, and are local when they could not occur except in some particular place. The distinction exists in the nature of the subject of the injury, and not in the means used or the place at which the cause of action arises. Mason v. Warner, 31 Mo., 510; McLeod v. R. R.,58 Vt. 732; Perry v. R. R., 153 N.C. 118.
The subject of the injury complained of by the plaintiff is the refusal by the defendants to surrender to him money, the proceeds of the sale of certain timber, which he alleges belonged to him, and there is nothing in the complaint which would entitle him to recover, here or elsewhere, damages for injury to the land. He does not allege an unlawful and wrongful entry or other trespass upon the land, nor that the land was injured, and contents himself with a statement of a cause of action for money in the hands of the defendants in this State.
We have said recently, in Williams v. Lumber Co., 154 N.C. 309: "If one entered upon the land of another and cut trees thereon, the *Page 265 
owner of the land and of the trees had his election at common law to sue in trover and conversion or in trespass de bonis asportatis for the value of the trees, or in trespass quare clausum fregit for injury to the freehold, the land, or to the possession of it," and the first two of these actions are transitory, and the last local.
If the owner elects to sue for the recovery of damages to the land, he must agree a trespass, but can waive the trespass, consider the trees as personalty after severance from the land, and sue for the wrongful conversion or wrongful carrying away of the trees, in which event he would recover their value.
The reason the action quare clausum fregit is local is that the injury to the land can only be done on the land, and the other actions are transitory because the trees, after severance, may be carried (327) away and converted elsewhere.
The question has arisen in other jurisdictions and has been decided in accordance with these views.
In McGonigle v. Atchison, 33 Kan. 726, the plaintiff sued in the courts of Kansas to recover damages for the removal of sand from land in Missouri and the Court, discussing the right to maintain the action, said: "If the facts show a cause of action in the nature of trespass de bonis asportatis, or trover, then the action is certainly transitory; but if they show only a cause of action in the nature of trespass quare clausum fregit, then the action is admittedly local. . . . He (the plaintiff) seems to waive all the wrongs and injuries done with reference to his real estate and to his possession thereof, provided the digging and the removal of the sand was any injury to either, and sues only for the value of the sand which was converted. We think it is true, as is claimed by the defendant, that the petition states facts sufficient to constitute a cause of action in the nature of trespass quare clausum fregit; but it also states facts sufficient to constitute a cause of action in the nature of trespass debonis asportatis, and of trover; and we think the plaintiff may recover upon either of these latter causes of action, for they are unquestionably transitory. . . . When the sand was severed from the real estate, it became personal property, but the title to the same was not changed or transferred. It still remained in the plaintiff. He still owned the sand, and had the right to follow it and reclaim it, into whatever jurisdiction it might be taken. He could recover it in an action of replevin (Richardsonv. York, 14 Me. 216; Harlan v. Harlan, 15 Pa. St., 507; Halleck v. Mixer,16 Cal. 574); or he could maintain an action in the nature of trespass debonis asportatis, for damages for its unlawful removal (Wadleigh v.Janvrin, 41 N. H., 503, 520; Bulkley V. Dolbeare, 7 Conn. 232); or he could maintain an action in the nature *Page 266 
of trover, for damages for its conversion, if it were in fact converted.Tyson v. McGuineas, 25 Wis. 656; Whidden v. Seelye, 40 Me. 247
255, 256; Riley v. Boston W. P. Co., 65 Mass. 11; Nelson v. Burt, (328) 15 Mass. 204; Forsyth v. Wells, 41 Pa. St., 291; Wright v. Guier, Watts, 172; Mooers v. Wait, 3 Wend., 104; or he could maintain an action in the nature of assumpsit for damages for money had and received, if the trespasser sold the property and received money therefor.Powell v. Rees, 7 Ad. and L., 426; Whidden v. Seelye, 40 Me. 255; Halleckv. Mixer, 16 Cal. 574."
In Tyson v. McGuineas, 25 Wis. 658, the Court said of a cause of action to recover damages in the courts of Wisconsin for the cutting of trees on lands in Michigan: "The cause of action stated in the complaint is for appropriating and converting by the defendants, to their own use, three million feet of pine timber and sawlogs, the property of the plaintiffs. To sustain this cause of action, various witnesses were sworn upon the part of the plaintiffs, who gave evidence tending to show that these logs were cut upon lands belonging to them in Michigan. But the cause of action relied on is manifestly not trespass to the realty. It is not claimed that there can be any recovery for damages to the real estate in this action. But it is said, in answer to the objection that the action is local, that as soon as the trees and timber were severed from the realty, they became personal property, and that trover will lie against any one removing and converting them. The authorities cited by the counsel for the plaintiffs certainly establish the principle that when the trees on the plaintiffs' land were severed from the freehold and carried away, they became personal property, and that an action of trover might be maintained for their value. Whiddenv. Seelye, 40 Me. 247; Moody v. Whitney, 34 ib., 563; Pierrepoint v.Barnard, 5 Barb., 364; Sampson v. Hammond, 4 Cal. 184, and cases there cited. It must be admitted that trover is a transitory action, and may be maintained in this State for a conversion of personal property in another State. Whidden v. Seelye, supra; Glen v. Hodgen, 9 Johns, 66; 1 Chitty Pl., 269; Gould Pl., ch. 3."
In Whidden v. Seelye, 40 Me. 255, the plaintiff sued in the courts of Maine to recover damages for cutting and removing timber from lands in New Brunswick, and the Court said: "The trees on the plaintiff's land, when severed from the freehold and carried away, became personal property, and his title thereto was not divested by the wrongful (329) acts of the defendant. . . . When there has been a severance of what belongs to the freehold, and an asportation, the action of trover may be maintained. 3 Stephens N. P., 2665. The title to the property severed remains unchanged and the owner may regard it as *Page 267 
personal property and maintain replevin. Richardson v. York, 14 Me. 216. So, the tort being waived, if the property severed has been sold, the action of assumpsit may be maintained. . . . The jury have found that the plaintiff was in possession of the mortgaged premises and that the defendant cut thereon the logs in controversy. The logs having been severed from the freehold, and after such severance being personal property, and having been carried away and converted by the defendant to his own use, trover is the fitting and appropriate form of action in which to recover the damages resulting from their conversion. It is a transitory action and may be maintained in this State for a conversion of personal property in a foreign jurisdiction."
It thus appears that the plaintiff could maintain this action under the forms of action at common law, and if so, his right to do so cannot be doubted under a system like ours, which has abolished forms of action, and, looking only to the substance, requires a simple, concise statement of the facts, and affords the party the relief to which he is entitled upon the facts.
Pleadings are now construed liberally, with a view to substantial justice between the parties, and if it can be seen from their general scope that a party has a cause of action, although not stated with technical accuracy, the pleading will be sustained. Stokes v. Taylor, 104 N.C. 395;Blackmore v. Winders, 144 N.C. 215; Brewer v. Wynne, 154 N.C. 471.
The cases of Cooperage Co. v. Lumber Co., 151 N.C. 455, and Perry v.R. R., 153 N.C. 117, are not in conflict with this position, because in each the cause of action was to recover damages for injury to the land.
Being of opinion, therefore, that the cause of action stated in the complaint is to recover the value of the trees and is transitory, we hold that it can be maintained in this State.
Reversed.
Cited: Cedar Works v. Lumber Co., post, 610.
(330)