## J. B. BUNTING v. C. H. HENDERSON.

(Filed 15 October, 1941.)

**Venue § 2a—**

A complaint alleging that defendant entered upon the land of plaintiff and cut and removed therefrom a specified amount of timber and praying that plaintiff recover the value of the timber wrongfully cut and removed states a transitory cause of action, and defendant's motion to remove from the county of plaintiff's residence to the county wherein the land is situate, is properly denied. C. S., 463 (1).

APPEAL by defendant from *Carr, J.,* at May Term, 1941, of PITT. Affirmed.

This is a civil action brought by the plaintiff in the Superior Court of Pitt County, wherein the defendant filed a petition before the clerk demanding that the action be removed from Pitt County to Edgecombe County for trial, under the provisions of C. S., 463 (1). The clerk denied the petition and retained the case, and the defendant excepted and appealed, and the judge at term time affirmed the order of the clerk. Whereupon the defendant again excepted and appealed to the Supreme Court, assigning error.

*J. H. Harrell and Albion Dunn for plaintiff, appellee.*
*R. B. Peters, Jr., and Henry C. Bourne for defendant, appellant.*

SCHENCK, J. It is alleged in the complaint that the defendant entered upon the land of the plaintiff in Edgecombe County and cut and removed therefrom approximately 30,000 feet of timber, of the value of $200.00, and "that the defendant is now indebted unto the plaintiff, for the timber cut and removed as aforesaid, in the sum of $200.00," and it is prayed that the plaintiff "recover of the defendant the sum of $200.00 (and) the costs of this action."

The question presented to us is whether the action as alleged in the complaint is transitory or local. If it is transitory it should have been retained in Pitt County. If it is local it should have been removed to Edgecombe County. We are of the opinion, and so hold, that the action is transitory.

It will be noted that the plaintiff nowhere seeks to recover real property, or an estate or interest therein, or to recover for injuries to real property, but simply seeks to recover $200.00, the value of 30,000 feet of timber cut and removed from his property. "It is necessary to distinguish in each case what the particular cause of action is, as alleged. If the timber is cut and removed from the land, it becomes personalty,

and the owner has the choice of several remedies.   He may sue for the injury to the land by cutting the timber, in the nature of the old action of trespass *quare clausum fregit,* and this is local; he may sue to recover possession of the specific articles of personalty and the venue is determined by where this particular article is located; he may sue for the value of the timber, as in trover and conversion, or for the wrongful taking, as in trespass *de bonis asportatis,* and these are transitory; or, if the article has been sold, he may sue, as in *assumpsit,* for the money received, and this is transitory."   McIntosh N. C. Prac. & Proc., par. 275, p. 260.

"Actions are transitory when the transactions on which they are based *might* take place anywhere, and are local when they could not occur except in some particular place.   The distinction exists in the nature of the subject of the injury, and not in the means used or the place at which the cause of action arises."   *Brady v. Brady,* 161 N. C., 325, 77 S. E., 235, and cases there cited.

The action being transitory, it is governed by the law enunciated in *Blevins v. Lumber Co.,* 207 N. C., 144, 176 S. E., 262, and was properly retained in Pitt County, where the plaintiff is resident and where he has elected to institute it.

In view of our holding that the retention of the case in Pitt County was proper, it becomes supererogatory to decide the question as to whether the defendant waived any right he may have had to ask for such removal by filing answer.

The judgment of the Superior Court is
Affirmed.

DEVIN, J., dissents.