J. MEREDITH JONES AND WIFE, ELVIRA YOUNG CHEATHAM JONES v. GEORGIA-PACIFIC CORPORATION, DEFENDANT, AND FEDERAL LAND BANK OF COLUMBIA, SOUTH CAROLINA, W. O. McGIBONY, TRUSTEE, JOEL CHEATHAM AND J. A. PRITCHETT, TRUSTEE, ROANOKE PRODUCTION CREDIT ASSOCIATION, J. CARLTON CHERRY, TRUSTEE, AND FIRST NATIONAL BANK OF MOBILE, ALABAMA, ADDITIONAL DEFENDANTS

No. 726SC479

(Filed 2 August 1972)

1. Trover § 2; Trespass § 8— damages for timber cut wrongfully — common law and statutory remedies

In an action to recover for cypress timber wrongfully cut from their land, plaintiffs' allegation that they were entitled to double the enhanced value of the timber under G.S. 1-539.1 was properly dismissed because allowing plaintiff to collect double the enhanced value would allow them to proceed under two exclusive remedies, one under the common law theory of an action in trover to recover the value of the goods in their enhanced condition and the other under the statutory remedy provided by G.S. 1-539.1.

**2. Statutes § 5; Trespass § 8— strict construction of statute in derogation of common law or imposing penalty**

It is settled law that statutes in derogation of the common law or statutes imposing a penalty must be strictly construed; hence a strict interpretation of G.S. 1-539.1, which provides for double the value of timber wrongfully cut to be paid the owner by the wrongdoer, requires that the value be doubled before enhancement.

APPEAL by plaintiffs from *Perry Martin, Judge,* 14 February 1972 Mixed Session of BERTIE Superior Court.

In their original complaint plaintiffs alleged that defendant wrongfully cut cypress timber from their land and sought double the value of the timber under G.S. 1-539.1. In an amended complaint plaintiffs repeated their original complaint as Count I and alleged in Count II thereof that defendant's removal of the timber was wilful and intentional and therefore plaintiffs were entitled to recover the timber or the enhanced value of the timber. In paragraph eight of Count II of the amended complaint plaintiffs alleged they were entitled to double the enhanced value under G.S. 1-539.1. Pursuant to G.S. 1A-1, Rule 12, defendant moved to dismiss Count II of the amended complaint in its entirety for failure to state a claim upon which relief can be granted. The trial court entered an order allowing the motion dismissing Count II.

From the order entered, plaintiffs appealed.

*Yarborough, Blanchard, Tucker & Denson by James E. Cline for plaintiff appellants.*

*Pritchett, Cooke & Burch by J. A. Pritchett and White, Hall & Mullen by Gerald F. White and John H. Hall, Jr., for defendant appellee.*

BRITT, Judge.

[1] Plaintiffs contend the trial court erred in dismissing Count II of the amended complaint. We hold that Count II except for paragraph eight was properly pleaded and should not have been dismissed.

In McIntosh, North Carolina Practice and Procedure, 2d Ed., § 1134, we find:

At common law there were different forms of action ex delicto, and the plaintiff might in certain cases have a

Jones v. Georgia-Pacific Corp.

choice as between forms of action. If one entered upon the land of another and cut trees and carried them away, the owner might have several different remedies. He might sue in trespass q.c.f. for injury to the land, in trespass de bonis asportatis for carrying away the trees, in trover for the conversion of the trees, or in replevin for the possession of the trees. The forms of action are abolished, but their substantive law theories of recovery remain, and the plaintiff may recover such relief as the facts alleged will warrant. If the facts stated by the plaintiff would authorize a recovery under any of the old forms of action, he will still be entitled to recover, provided he proves the facts. . . .

When timber is wrongfully cut the owner of the land may recover the difference in value of the land immediately before and immediately after the cutting. This would be the dimunition of value of the land by reason of a trespass. *Jenkins v. Lumber Co.*, 154 N.C. 355, 70 S.E. 633 (1911) ; *Williams v. Lumber Co.*, 154 N.C. 306, 70 S.E. 631 (1911). The owner may instead choose to recover the value of the timber as timber. *Wall v. Holloman*, 156 N.C. 275, 72 S.E. 369 (1911) ; *Bennett v. Thompson*, 35 N.C. 146 (1851). See *Bunting v. Henderson*, 220 N.C. 194, 16 S.E. 2d 836 (1941).

The two measures of damages stated above have been enhanced by G.S. 1-539.1 which provides in pertinent part: "Any person, firm or corporation not being the bona fide owner thereof or agent of the owner who shall without the consent and permission of the bona fide owner enter upon the land of another and injure, cut or remove any valuable wood, timber, shrub or tree therefrom, shall be liable to the owner of said land for double the value of such wood, timber, shrubs or trees so injured, cut or removed."

If the trespasser is an intentional and knowing wrongdoer, the owner of the land may recover the enhanced value of the timber added to it by the labor of the trespasser. *Wall v. Holloman, supra.* 52 Am. Jur. 2d, Logs and Timber, § 129, p. 98 (1970).

Except for paragraph eight, Count II of the amended complaint properly pleaded the enhanced value theory of an intentional wrongdoer. Paragraph eight of Count II attempts to recover double the enhanced value of the timber under G.S.

1-539.1. This is a novel approach but we think an unsound one. While G.S. 1-539.1 provides that the wrongdoer, "shall be liable to the owner of said land for double the value of such wood, timber, shrubs or trees so injured, cut or removed," the statute does not indicate when the value should be doubled. To collect double the enhanced value plaintiffs would be proceeding under the common law theory of an action in trover to recover the value of the goods in their enhanced condition as referred to in *Wall v. Holloman, supra,* and at the same time proceeding under the statutory remedy provided by G.S. 1-539.1. We think the two remedies are exclusive and are not to be combined to provide an additional remedy.

[2]   It is settled law that statutes in derogation of the common law or statutes imposing a penalty must be strictly construed. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925 (1955); *Hilgreen v. Cleaners & Tailors, Inc.,* 225 N.C. 656, 36 S.E. 2d 252 (1945); *Simmons v. Wilder,* 6 N.C. App. 179, 169 S.E. 2d 480 (1969). Strict construction of G.S. 1-539.1 requires that everything be excluded from the operation of the statute which does not come within the scope of the language used, taking the words in their natural and ordinary meaning. *Harrison v. Guilford County,* 218 N.C. 718, 12 S.E. 2d 269 (1940). We think that in addition to the common law theory of enhanced value and the statutory remedy of double value being mutually exclusive that a strict interpretation of G.S. 1-539.1 would not permit its application to an enhanced value situation.

For the reasons stated, the order of the superior court dismissing Count II of the amended complaint with the exception of paragraph eight is

Reversed.

Chief Judge MALLARD and Judge CAMPBELL concur.