ROBERT H. GIBBS AND WIFE ELSIE C. GIBBS v. KENNETH C. HEAVLIN AND WIFE HELEN L. HEAVLIN

No. 7425DC526

(Filed 17 July 1974)

1. Courts § 2— jurisdiction — actions on contracts made in foreign state — realty in this State and in other State

    The court had jurisdiction of the subject matter of claims for breach of contracts made in Florida for the improvement of a house located in this State and for construction of a house in Florida since the claims are transitory and not local.

2. Pleadings § 4; Rules of Civil Procedure § 18— joinder of contract claims

    Plaintiff properly joined claims against defendant for breach of a contract to make improvements to a house located in this State and breach of a contract for construction of a house in Florida. G.S. 1A-1, Rule 18.

3. Contracts § 27— breach of contracts — sufficiency of evidence

    There was sufficient evidence to support the court's determination that plaintiffs were entitled to recover on their claims for breach of contract for improvement of a house located in this State and for breach of contract to construct a house in Florida.

APPEAL by defendant Kenneth C. Heavlin from *Duncan, Judge,* 12 February 1974 Session of District Court held in CALDWELL County.

This is a civil action in which plaintiffs allege two claims for breach of contract. In the first claim, they allege that they purchased from defendants a house and lot located at Blowing Rock, N. C.; that defendants failed to complete the work on the premises as agreed; and that plaintiffs are entitled to recover $1,000 because of said breach.

In their second claim, they allege that defendants agreed to build a house on a lot belonging to plaintiffs for a cost of $48,000; that they advanced defendants $25,000; that defendants abandoned the project and are indebted to plaintiffs in the sum of $13,000.

The cause was heard without a jury. During the trial, plaintiffs submitted to a voluntary dismissal as to the feme defendant. Following the trial, the court made findings of fact and conclusions of law and adjudged that plaintiffs recover of the male defendant $500 on their first claim and $7,500 on their second claim. The male defendant appealed.

*Finger & Greene, by C. Banks Finger, for plaintiffs appellees.*

*Louis H. Smith for defendant appellant.*

BRITT, Judge.

[1] Defendant's first contention is that the court erred in not granting his motion to dismiss the claims "for lack of jurisdiction of subject matter and misjoinder of causes of action under Rules 16 and 12 and on basis of NCGS 1-75.3 and 1-75.5." He argues that any agreement regarding the house and lot in Blowing Rock was made in Florida; that the house referred to in the second claim alleged was located in Florida; therefore, the North Carolina courts have no jurisdiction.

Plaintiffs' claims are based on alleged contracts and seek the recovery of monetary judgments, therefore, they are transitory and not local. In *Brady v. Brady,* 161 N.C. 324, 326, 77 S.E. 235, 236 (1913), we find: "Actions are transitory when the transactions on which they are based might take place anywhere, and are local when they could not occur except in some particular place. The distinction exists in the nature of the subject of the injury, and not in the means used or the place at which the cause of action arises. *Mason v. Warner,* 31 Mo., 510; *McLeod v. R. R.,* 58 Vt., 732; *Perry v. R. R.,* 153 N.C. 118." See also, *Howle v. Express, Inc.,* 237 N.C. 667, 75 S.E. 2d 732 (1953) and *Bunting v. Henderson,* 220 N.C. 194, 16 S.E. 2d 836 (1941). Defendants were personally served with process in this State. We hold that the trial court had jurisdiction.

[2] With respect to the joinder of claims, G.S. 1A-1, Rule 18, clearly provides that a party asserting a claim for relief may join as many claims, legal or equitable, as he has against an opposing party. We hold that there was no improper joinder of claims in the case at bar.

[3] Defendant's other contention is that the court erred in denying his motions to dismiss pursuant to G.S. 1A-1, Rule 41, for that the plaintiffs showed no right to relief. We reject this contention.

A motion to dismiss under G.S. 1A-1, Rule 41(b), does not raise the question of whether the particular findings made by the court are supported by the evidence, but only the question of whether any findings could be made from the evidence which

would support a recovery. *Pegram-West, Inc. v. Homes, Inc.,* 12 N.C. App. 519, 184 S.E. 2d 65 (1971). While the evidence presented in the instant case was quite conflicting, we hold that there was evidence upon which the court could make findings supporting a recovery on each of plaintiffs' claims.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges CAMPBELL and PARKER concur.