CITY OF SANFORD v. DANDY SIGNS, INC., AND DANIEL C. RICHARDSON

No. 8211DC657

(Filed 7 June 1983)

**Municipal Corporations § 30.13— zoning ordinance—outdoor advertising sign structures—nonconforming use**

Outdoor advertising sign structures consisting of vertical poles with horizontal slats were lawful "structures" under a 1965 zoning ordinance and should have been allowed to continue as a nonconforming use under a 1980 zoning ordinance.

APPEAL by defendants from *Greene, Judge.* Judgment entered 11 March 1982 in District Court, LEE County. Heard in the Court of Appeals 9 May 1983.

The plaintiff brought this action seeking a permanent injunction to prevent the defendants from maintaining outdoor advertising signs within the plaintiff's zoning jurisdiction. The complaint alleged violations of the Sanford City Zoning Ordinance, which was adopted on 19 October 1965 and replaced by a new ordinance effective 21 October 1980.

Stipulations were entered into at trial after the plaintiff began presentation of its case to the jury. The parties stipulated that the defendants erected three sign structures consisting of vertical poles with horizontal framing on them. It was stipulated that poles and slats were present and in place on the sites in question prior to 21 October 1980, the effective date of the new ordinance, and that no sign was affixed to the slats prior to that date.

After the stipulations of fact were entered, the trial judge withdrew the case from the jury on the ground that only questions of law remained to be decided. The plaintiff presented no further evidence.

Don Pearce, a division president of Naegele Advertising, was the only witness for the defendants. Pearce stated that it is the usual practice in the outdoor advertising industry to erect sign structures without simultaneously adding the sign area to the structure. He also testified that the sign area is periodically changed as the advertising message is changed.

In his judgment, the trial judge held that the structures erected prior to 21 October 1980 were not outdoor advertising signs as defined by the 1965 Zoning Ordinance because they did not convey "information, knowledge, or ideas to the public. . . ." As a result, they did not fall within section 26-10-1A of the 1980 Ordinance, which allows continuation as a nonconforming use any use which was "lawfully existing on the day before the effective date" of the 1980 Ordinance.

After finding other violations, the trial judge ordered that the plaintiff be granted a mandatory injunction requiring removal of the signs in question. The defendants' motions for judgment notwithstanding the verdict and a new trial were denied. From the judgment and denial of their motions, the defendants appealed.

*Love & Wicker, by Jimmy L. Love, and David L. Clegg, for plaintiff-appellee.*

*Staton, Perkinson, West & Doster, by Stanley W. West, for defendant-appellants.*

EAGLES, Judge.

The issue on this appeal is whether the defendants' structures existing on the effective date of the 1980 zoning ordinance were lawful under the 1965 zoning ordinance. If so, they are protected by section 26-10-1A of the 1980 ordinance which allows continuation of nonconforming uses that were "lawfully existing on the day before the effective date of this Ordinance."

Ordinances like the ones in this case must be strictly construed because they are in derogation of the common law. *See Jones v. Georgia-Pacific Corp.*, 15 N.C. App. 515, 190 S.E. 2d 422 (1972). Everything not clearly within the scope of the language used shall be excluded from the operation of the ordinances, taking the words in their natural and ordinary meaning. *See Harrison v. Guilford County*, 218 N.C. 718, 12 S.E. 2d 269 (1940). Our application of these principles leads us to reverse the judgment below.

The 1965 ordinance defines sign as "a standard structural poster panel or painted sign either free-standing or attached to a building, for the purpose of conveying information, knowledge, or

ideas to the public. . . ." The defendants' structure did not technically meet that definition on the day before the effective date of the 1980 ordinance.

But their structures met the definition of "structure." The 1965 ordinance defined that term as "anything erected or constructed which has a relatively permanent ground location or is attached to something which has a relatively permanent ground location." The vertical poles and horizontal slats that were lawfully in place on the day before the effective date of the 1980 ordinance should have been allowed to continue as a section 26-10-1A nonconforming use.

We note the recent case of *Bracey Advertising Co., Inc. v. N.C. Dep't of Transp.*, 62 N.C. App. 197, 302 S.E. 2d 490 (1983). That case held that poles in place without signs before the effective date for the enforcement of North Carolina's Outdoor Advertising Control Act would be allowed to continue as nonconforming uses. Quoting from *Warner v. W & O, Inc.*, 263 N.C. 37, 43, 138 S.E. 2d 782, 786-87 (1964), *Bracey* said "[t]he law accords protection to nonconforming users who, relying on the authorization given them, have made substantial expenditures in an honest belief that the project would not violate declared public policy."

On appeal, an ordinance will be construed as a whole. *Jackson v. Bd. of Adjustment*, 275 N.C. 155, 166 S.E. 2d 78 (1969). This rule of construction and our application of the principles stated above leads us to reverse the judgment of the trial court.

Because of our disposition of this case, it is unnecessary to discuss the defendants' other arguments.

Reversed.

Chief Judge VAUGHN and Judge HEDRICK concur.