UNITED STATES FIDELITY & GUARANTY COMPANY, a MARYLAND CORPORA-
TION v. CITY OF RALEIGH, a MUNICIPAL CORPORATION

No. 8810SC649

(Filed 7 March 1989)

**Principal and Surety § 9.1— construction dispute—performance
bond—settlement with city—subsequent arbitrator's award
—city's refusal to pay—rejection of subsequent bid bonds**

The trial court erred in granting defendant's motion for
summary judgment and should have granted summary judg-
ment for plaintiff in an action in which plaintiff sought a
declaratory judgment and injunctive relief from defendant's
refusal to accept plaintiff's bonds where plaintiff had been the
surety for a construction company under a performance bond
with defendant; plaintiff negotiated a settlement with defend-
ant after defendant declared the construction company to be
in default; the agreement required plaintiff to advance $104,543
to defendant, with those funds to be repaid to plaintiff if an
arbitrator determined that defendant had wrongfully terminated
its contract with the construction company; the arbitrator award-
ed the construction company $54,700 with no specific finding
that defendant had wrongfully terminated the contract; defend-
ant refused to repay the money advanced by plaintiff; plaintiff
filed an action to recover the advanced monies; and defendant
issued a statement that bid bonds or performance bonds from
plaintiff would not be acceptable. N.C.G.S. § 143-129, which
authorizes a municipality to reject a licensed surety company's
bid if it fails to settle a pending claim against it within 180
days, is punitive in nature, must be strictly construed, contains
no provision for reviving claims after settlement, and no language
suggesting that a surety company's subsequent action against
a municipality arising from their settlement constitutes a claim
against the surety.

APPEAL by plaintiff from *Stephens (Donald W.), Judge.* Judg-
ment entered 11 April 1988 in WAKE County Superior Court. Heard
in the Court of Appeals 23 January 1989.

Plaintiff is a Maryland corporation authorized to do business
in North Carolina. Defendant entered a contract with NewKor Con-
struction, Inc. for construction work on a public project known
as Glen Eden Pilot Park. Plaintiff, as surety for the construction

company under a performance bond, negotiated a settlement agreement with defendant, after the latter declared NewKor to be in default of the construction contract. The agreement required plaintiff to advance $104,543 to defendant in full satisfaction of the latter's claims involving completion of the project. These funds would be repaid to plaintiff in full if the arbitrator resolving the dispute between defendant and NewKor "determined from the evidence in the arbitration proceeding [upon the arbitrator's findings of fact and conclusions of law and in any final judgment based thereon, . . .]" that defendant had wrongfully terminated its contract with NewKor.

The arbitrator awarded NewKor $54,700, but made no specific finding that defendant had wrongfully terminated the construction contract. Defendant refused to repay the money advanced by plaintiff, and plaintiff filed an action in Wake County Superior Court on 31 March 1987 to recover it. Defendant issued a statement on 16 November 1987 that "bid bonds and/or performance bonds written by the United States Fidelity and Guarantee [sic] Co., will *not* be acceptable to the City of Raleigh."

Plaintiff filed this action for a declaratory judgment and injunctive relief on 10 December 1987. Judge Farmer entered a temporary restraining order preventing defendant from barring plaintiff from participating in the bidding process or from entering any public contracts from which plaintiff had been excluded on 10 December 1987. Both parties agreed that there were no outstanding issues of material fact, and Judge Stephens granted defendant's motion for summary judgment on 11 April 1988.

*Bailey & Dixon, by J. Ruffin Bailey, David M. Britt and Alan J. Miles, for plaintiff-appellant.*

*Poyner & Spruill, by John L. Shaw and Donna Sisson Richter, for defendant-appellee.*

WELLS, Judge.

Plaintiff appeals the entry of summary judgment against it, contending that it was entitled to judgment as a matter of law. Defendant asserts that its action was fully justified by that provision of the open bidding procedure statute, N.C. Gen. Stat. § 143-129 (Cum. Supp. 1988), which authorizes rejecting bonds issued by surety companies in certain situations.

U.S. FIDELITY AND GUAR. CO. v. CITY OF RALEIGH

[93 N.C. App. 159 (1989)]

The . . . governing board, in contracts involving a political subdivision of the State, may reject the bonds of any surety company against which there is pending any unsettled claim or complaint made by a . . . governing board of any political subdivision of the State arising out of any contract under which State funds, in contracts with the State, or funds of political subdivisions of the State, in contracts with such political subdivision, were expended, provided such claim or complaint has been pending more than 180 days.

*Id.*

This provision allows a municipality to reject a licensed surety company's bid if it fails to settle a pending claim against it within 180 days. It operates to prevent a licensed surety company from engaging in the business it is otherwise authorized to participate in under the laws of this State, N.C. Gen. Stat. §§ 55-17, 55-140 (1982), and therefore is punitive in nature. Punitive statutes must be strictly construed. *Jones v. Georgia-Pacific Corp.*, 15 N.C. App. 515, 190 S.E. 2d 422 (1972).

Strict construction requires that "[e]verything not clearly within the scope of the language . . . be excluded from the operation of the [statute], taking the words in their natural and ordinary meaning." *City of Sanford v. Dandy Signs, Inc.*, 62 N.C. App. 568, 303 S.E. 2d 228 (1983) (*citing Harrison v. Guilford County*, 218 N.C. 718, 12 S.E. 2d 269 (1940) ). Applying these principles, defendant's authorization to reject a surety company's bonds exists only if it has made a claim against that company which is currently pending, and which has been pending more than 180 days.

Defendant contends that its claim against plaintiff for NewKor's alleged breach of contract qualifies as a "claim" under the statute. Although the dispute was settled, defendant argues that plaintiff reactivated its initial claim by repudiating the settlement agreement. A narrow construction of the statute does not support this interpretation. The statute contains no provision for reviving claims after settlement, and no language suggests that a surety company's subsequent action against a municipality arising from their settlement constitutes a claim against the surety. Defendant cannot invoke this provision to justify its blanket refusal to accept plaintiff's bonds.

We hold that the trial court erred in granting defendant's motion for summary judgment and remand for the entry of an

KILLETTE v. RAEMELL'S SEWING APPAREL

[93 N.C. App. 162 (1989)]

order granting summary judgment for plaintiff to the effect that defendant cannot use the NewKor contract dispute as a basis under the statute to reject plaintiff's bid bonds.

Reversed and remanded.

Judges BECTON and JOHNSON concur.