McCULLOUGH, Judge.
Defendants appeal the trial court's amended judgment which allowed recovery for failing to pay wages for 60 days and its subsequent order which awarded attorney fees and costs.
This case involves events following the failure of a restaurant, Chambers Food & Spirits, in October of 2000. Prior to that time, defendant William R. Horton was the president of DFI Group, Inc., a real estate development corporation operating in the Commerce Building in Raleigh, North Carolina. During the 1990s, Seasoned Partners, Inc., d/b/a Chambers Food & Spirits was a tenant in the Commerce Building and operated the Souper Natural Deli. In 1999, the owners of the Souper Natural Deli expanded and opened an adjacent restaurant called Chambers Food & Spirits.
On 5 October 2000, the owners of Souper Natural informed Horton that both restaurants were closing immediately due to financial pressures. In an effort to save the business, Horton entered into contract negotiations with plaintiffs, Ray Whitley, Todd Ohle, and Clarice Ohle. Whitley was a waiter and the maitre d' at Chambers, while Todd Ohle had served as the restaurant's executive chef. Clarice Ohle had experience in the culinary arts. The parties disagree regarding the nature of their agreement.
Defendants claim that a definite term of employment was never discussed, agreed to, or put in writing. Plaintiffs contend that Horton made an oral agreement to pay "efforts payments" which was "money paid to [plaintiffs] while they were in the process of trying to get Chambers back up and running."
On 7 October 2000, plaintiffs began working at the restaurant. However, in early November 2000, Horton determined that the restaurant would have to close. Horton paid plaintiffs a salary through 8 November 2000.
On 25 June 2001, plaintiffs sued in superior court alleging that they were entitled to bonuses in the amount of $50,000.00 each. The trial court rejected the notion that plaintiffs were entitled to $50,000.00 bonuses. Instead, the court found that defendants hired plaintiffs for a period of not less than 60 days and that defendants breached the agreement by failing to pay wages for the full 60 days. In an amended judgment and a subsequent order, the court determined that this breach was in violation of the North Carolina Wage and Hour Act. Accordingly, the court doubled the damages and awarded attorney fees and costs. Defendants appeal.
On appeal, defendants argue that the trial court erred by (1) finding that there was an employment contract that contained a specific term of employment for 60 days, (2) awarding damages that plaintiff did not seek, and (3) determining that defendants violated the North Carolina Wage and Hour Act. We affirm in part and reverse in part the decision of the trial court.
I. Employment Contract for 60 Days
Defendants contend that the trial court erred in determining that there was an employment contract that contained a specific term of employment for 60 days. They present two separate arguments.
First, defendants claim that the trial court erred in failing to grant their motion to dismiss pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. This provision allows a defendant to "move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). A motion under this section "does not raise the question of whether the particular findings made by the court are supported by the evidence, but only the question of whether any findings could be made from the evidence which would support a recovery." Gibbs v. Heavlin, 22 N.C. App. 482, 483-84, 206 S.E.2d 814, 815 (1974) (emphasis added).
We acknowledge that there is conflicting evidence in the record. Because this was an oral contract, the trial court struggled to ascertain the precise scope of the agreement. However, there is no question that there was some evidence upon which the court could make findings supporting a recovery. Therefore, the trial court acted appropriately in denying the motion to dismiss.
Defendants' other argument is that findings of fact 1, 2, 4, 6, and 9 are not supported by competent evidence. Thus, defendants reason that the trial court could not have determined that there was a contract with a specific term of employment for 60 days. We disagree.
The findings of fact that are in question are:
1. At the beginning of October, 2000, Defendants hired Plaintiffs as employees for a period of not less than sixty (60) days in order to secure their expertise in the restaurant business and in order to have a sixty (60) day period in which to determine whether or not a failed restaurant business located in Defendants' building could be resurrected and become a going concern with the assistance of work of the Plaintiffs.
2. The Plaintiffs began work as Defendants' employees on October 9, 2000 upon the agreement that they would work for a period of at least sixty (60) days. Clarice Ohle quit her present employment in reliance on Defendants' assurances. The sixty (60) day period extended from October 9, 2000 through December 8, 2000.
****
4. As inducement for the Plaintiffs to enter [into] the agreement to work as Defendants' employees for a period of 60 days, the Defendants discussed paying the Plaintiffs "efforts payments." Although the Plaintiffs contended that the Defendants promised each of them "efforts payments" in the amount of $50,000.00, there was no such agreement between the parties for "efforts payments" in that amount. Defendants paid Plaintiffs wages based on their weekly salaries for the time period of October 9, 2000 through November 5, 2000.
****
6. On November 8, 2000, Defendants informed Plaintiffs that the business enterprise was not going to go further and told Plaintiffs that they were no longer employees. Defendants did not pay Plaintiffs for the remaining days left in the sixty (60) day period for which they were induced to come to work for in the first place.
****
9. The Plaintiffs had performed their part of the bargain and had put their "best efforts" into the task of trying to re-open the Restaurant. Accordingly, they are entitled to be paid their full wages for the sixty (60) day period to and including December 8, 2000. Defendants['] failure to pay those wages was not a good faith mistake.
In objecting to these findings, defendants argue that "[t]here is no evidence to prove an employment relationship for a definite term." (Emphasis added.) We disagree with this contention. First, plaintiffs testified that there was a 60-day period of employment. In addition, individuals who are not parties to this lawsuit attended some of the meetings with Horton and plaintiffs. During one of the meetings, Horton's assistant took notes which indicate that "Bill [Horton] called a meeting with Ray Whitley[] [and] Todd and Clarice Ohle late today. Offered them 60 days to get Chambers up and running as stockholders." Another woman who was present at some of the meetings between Horton and plaintiffs, Kathleen Waldvogal Corne, testified that Horton wanted "to put in place a trial period or a sorting-out period[.]" Her recollection was that this sorting-out period "was 60 to 90 days." Although there was evidence to the contrary, we conclude that this is competent evidence which supports the trial court's determination that the parties agreed to a 60-day period of employment. Therefore, defendants' assertion that there was no evidence to support a 60-day period of employment is meritless. This assignment of error is overruled.
II. Damages Not Sought by Plaintiffs
Defendants next claim that the trial court erred by awarding damages that plaintiffs did not seek. We disagree.
Except for default judgments, N.C. Gen. Stat. § 1A-1, Rule 54(c) (2003) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." "Once the issues in a case have been joined, it becomes the duty of the court to grant the relief to which the prevailing party is entitled, whether he has asked for it or not." 2 G. Gray Wilson, North Carolina Civil Procedure § 54-6 at 242 (2d ed. 1996). "This is true even where the wrong relief is requested, or where the remedy was not even available when the complaint was filed." Id. at 242-43.
In the present case, the trial court faced the difficult task of trying to ascertain the meaning of an oral contract. The parties had strong differences regarding what the terms of the agreement were. Plaintiffs sought damages in the amount of $50,000.00. They described this amount generally as "bonuses." However, the trial court rejected the notion that there was a meeting of the minds on this specific term. Rather, the trial court found that the parties reached an employment agreement for a 60-day term and required defendants to pay plaintiffs for the full 60 days. Under the general principles of Rule 54(c), the trial court was permitted to grant this relief, even though it was not the exact relief that plaintiffs requested.
Defendants claim that this result should not be permitted because it substantially prejudiced their ability to defend the action. Rule 54(c) is limited "where plaintiff's failure to demand the appropriate relief operates to the substantial prejudice of the opposing party." Id. at 243. "The relief granted must be consistent with the claims pleaded and proved at trial, so that the opposing party will have notice and the opportunity to challenge such claims." Id. We do not believe that defendants were prejudiced or that their ability to defend the lawsuit was hindered. Defendants were aware that plaintiffs were seeking damages as a result of an oral employment agreement. The outcome of the case depended on what the trial court believed the terms of the agreement were. Therefore, defendants had notice and the opportunity to defend the suit, even though plaintiffs ultimately received $9,544.00, the balance remaining on a 60-day employment contract, instead of the $50,000.00 bonuses they requested. Furthermore, defendants are not in a strong position to complain about disputed terms of the agreement. Defendants could have prevented any confusion by complying with plaintiffs' request to put the agreement in writing. This assignment of error is overruled.
Before proceeding to the next section, we wish to clarify our decision with respect to these first two issues. We agree with the trial court's determination that there was an employment contract for 60 days. Additionally, we do not believe that the trial court erred by allowing recovery in the amount of $9,544.00. Plaintiffs are entitled to those damages under general breach of contract principles, even though they requested $50,000.00 for alleged bonuses. We turn to consider whether there was a violation of the North Carolina Wage and Hour Act and whether plaintiffs are entitled to the additional remedies that are mentioned in the act: liquidated damages, costs, and attorney fees. N.C. Gen. Stat. § 95-25.22 (2003).
III. Wage and Hour Act Violation
Defendants argue that the trial court erred in allowing recovery under the North Carolina Wage and Hour Act because plaintiff is requesting future wages, and the Act only allows recovery for earned wages.
The General Assembly codified the Wage and Hour Act with the following public policy in mind:
The wage levels of employees, hours of labor, payment of earned wages, and the well-being of minors are subjects of concern requiring legislation to promote the general welfare of the people of the State without jeopardizing the competitive position of North Carolina business and industry.
N.C. Gen. Stat. § 95-25.1(b) (2003) (emphasis added). Thus, the statute is designed, at least in part, to ensure that workers are duly compensated for the hours that they have worked.
In the definitions section of the Act, a "wage" is defined as
compensation for labor or services rendered by an employee whether determined on a time, task, piece, job, day, commission, or other basis of calculation, and the reasonable cost as determined by the Commissioner of furnishing employees with board, lodging, or other facilities. For the purposes of G.S. 95-25.6 through G.S. 95-25.13 "wage" includes sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments.
N.C. Gen. Stat. § 95-25.2(16) (2003) (emphasis added). The first line of this definition states clearly and unambiguously that a wage is "compensation for labor or services rendered." Id. Therefore, although the definition is broad enough to include things like "sick pay" "bonuses" or "other amounts promised," such items are compensable only if the employee has actually worked the hours to earn the wages.
Our Court stated this principle succinctly in Narron v. Hardee's Food Systems, Inc., 75 N.C. App. 579, 583, 331 S.E.2d 205, 208, disc. review denied, 314 N.C. 542, 335 S.E.2d 316 (1985) (emphasis added):
[G]iving the statutory language its natural and ordinary meaning, the Wage and Hour Act requires an employer . . . to pay those wages and benefits due when the employee has actually performed the work required to earn them.
In the present case, defendants paid plaintiffs for the days plaintiffs actually worked. Therefore, the public policy that the Wage and Hour Act emphasizes, ensuring that workers are duly compensated for the hours that they have worked, does not apply here. We recognize that under the circumstances of this case, the workers were hired for 60 days, but never got the chance to complete 60 days of work. Although we cannot allow recovery under the Wage and Hour Act for days that were not actually worked, plaintiffs can recover the balance of the 60 days under traditional breach of contract principles.
We uphold that portion of the judgment which allowed plaintiff to recover $9,544.00 under traditional principles of breach of contract. However, we reverse the trial court's decision to allow recovery under the Wage and Hour Act. Since there was no violation of the Wage and Hour Act, plaintiffs are not entitled to the additional remedies that are mentioned in the act: liquidated damages, costs, and attorney fees.
The decision of the trial court is affirmed in part and reversed in part.
Affirmed in part, reversed in part.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).