FabricaNT, Judith, J.
This is an action for trespass to trees pursuant to G.L.c. 242, §7. The case was tried to a jury on October 30-31, 2006. The juiy found that the defendants willfully cut down trees on the plaintiffs land, and that the defendants did not have good reason to believe that they were lawfully authorized to cut down the trees. Pursuant to the Court’s instructions, the juiy assessed damages based on the reasonable cost of restoring the property in the amount of $30,000. The question now before the Court is whether that amount should be trebled. Plaintiff argues it should, based on the plain meaning of the statute; defendants argue it should not, based on a perceived statutoiy purpose to provide recoveiy only for the value of stolen timber or for diminution in property value.
Chapter 242, section seven, states, in relevant part:
A person who without license willfully cuts down . . . trees ... on the land of another shall be liable to the owner in tort... for three times the amount of damages assessed therefor; but if it is found that the defendant had good reason to believe that . . . he was . . . lawfully authorized to do the acts complained of, he shall be liable for single damages only.
In the only reported Massachusetts cases under this statute, damages have been awarded based either on the diminution of the value of the land from which the trees were cut, or the actual value of the trees cut. See Larabee v. Potvin Lumber Co., 390 Mass. 636, 643 (1983); Lawrence v. O’Neill, 317 Mass. 393, 397 (1944); Davenport v. Haskell, 293 Mass. 454, 455 (1936). These cases do not, however, articulate any rule that these are the only legitimate methods of measuring damages under the statute, nor does the statute express any such rule, or any method of measuring damages. Here, for reasons that were fully articulated on the record, the Court concluded that there was a factual basis for the juiy to find that neither the value of the timber nor diminution in property value would provide adequate compensation, and on that basis to award damages based on cost of restoration. See Trinity Church v. John Hancock Mutual Life Insurance Company, 399 Mass. 43, 49-50 (1987); Massachusetts Port Authority v. Sciaba Construction Corp., 54 Mass. App. 509, 516-18 (2002). The jury did so find.
Defendants now argue that trebling of damages is warranted only where damages are based on the actual value of the trees wrongfully cut down. They cite Jones v. Georgia Pacific Corp., 190 S.E.2d 422 (N.C. App. 1972), and Woodburn v. Chapman, 363 A.2d 197 (N.H. 1976). In Jones, the Court of Appeals of North Carolina held that the plaintiffs could not recover double the enhanced value of the trees wrongfully cut from their property,[1] as the North Carolina tree-cutting statute provided only for the doubling of “the value of such wood, timber, shrubs or trees so injured, cut or removed.” 190 S.E.2d at 424 (internal quotations omitted). Similarly, in Woodburn, the Supreme Court of New Hampshire held that the cost of restoring the defendant’s properly could not be trebled pursuant to the New Hampshire tree-cutting statute, as that statute allowed only for trebling the value of the trees cut. Id. 363 A.2d at 198.
Jones and Woodburn are not helpful here, because the statutes those cases applied, unlike our statute, expressly limit the types of damages that may be multiplied. California’s tree-cutting statute, like ours and unlike those in the cases cited, allows a defendant to recover “three times such sum as would compensate for the actual detriment,” without delineating the type of damages that may be trebled. See Cal.Civ.Code §3346. In interpreting that statute, a California appellate court upheld trebling of restoration cost damages, observing that “(n)either the language of the statute nor past judicial construction supports [the] contention that it is applicable only to injuries to trees that are valuable as timber.” Henninger v. Dunn, 101 Cal.App.3d 858, 868-69 (1980).
*27 In the absence of any authority to the contraiy, the Court is bound by the plain language of the statute, G.L.c. 249, §7, which requires trebling of “the damages assessed.” The jury assessed the damages, based on restoration cost, having found the factual predicate to do so under applicable case law, as instructed by the Court. Accordingly, the plaintiff is entitled to judgment for three times the damages assessed, or $90,000.
The question of pre-judgment interest arises. Case law has established that pre-judgment interest under c. 231, §6B, does not apply to punitive damages, because such damages do not serve as compensation for a loss, so that there is no need to compensate for any loss of use of the amount of punitive damages during the period of litigation. McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 717 n.9 (1990); Nardone v. Patrick Motor Sales, Inc., 46 Mass.App.Ct. 452, 454 (1999). As the plaintiff points out, c. 242, §7, has been described as remedial, rather than punitive. See Palmer v. Davidson, 211 Mass. 556, 557 (1912). The trebling of damages, however, is by its nature punitive; the single damages provide full compensation, while the additional amount serves other, non-compensatory purposes. Accordingly, the Court concludes that the plaintiff is entitled to pre-judgment interest only on the single damages amount of $30,000.
CONCLUSION AND ORDER
For the reasons stated, judgment shall enter for the plaintiff in the amount of $90,000, with pre-judgment interest on the amount of $30,000 only.

The Court in that case used the term “enhanced value” to refer to the value of the trees plus the value of the labor of the trespasser, recoverable on a common-law theory but not under the statute. 190 S.E.2d at 424.