**LIPINSKI v. TOWN OF SUMMERFIELD**

[230 N.C. App. 305 (2013)]

IN RE RICHARD LIPINSKI, Petitioner
v.
TOWN OF SUMMERFIELD, Respondent

No. COA13-468

Filed 5 November 2013

**1. Constitutional Law—due process—zoning violation—notice of hearing**

Petitioner's due process right was not violated by a board of adjustment decision concerning a fence where petitioner had a property interest in his fence and was given notice and an opportunity to be heard. Petitioner was sent and received written notice of his ordinance violation, met with the town's code administrator and the town attorney before the hearing to clarify the scope of the hearing, was present for the hearing and was allowed to ask the code administrator questions, and was allowed to testify.

**2. Zoning—fences—attachment of tarps—structural composition**

A zoning board of adjustment erred in its interpretation of a fence ordinance where petitioner attached tarps to a chain link fence. The board's interpretation of the ordinance superimposed a limitation that was not found in the ordinance: that attaching things to a fence changes its structural composition. The tarps that petitioner attached were a nonstructural feature and petitioner's fence, with tarps attached to it, was constructed of a permitted material, chain-link, and complied with the ordinance.

Appeal by petitioner from order entered 11 December 2012 by Judge Edgar B. Gregory in Guilford County Superior Court. Heard in the Court of Appeals 23 September 2013.

*Richard I. Shope, Attorney at Law, P.A., by Richard I. Shope and Adrianne F. Edmonds, for petitioner-appellant.*

*Frazier, Hill & Fury, RLLP, by William L. Hill and James D. Secor III, for respondent-appellee.*

MARTIN, Chief Judge.

Petitioner, Richard Lipinski, sought judicial review of the Town of Summerfield's Board of Adjustment ("Board") decision affirming a Notice

of Violation issued by respondent Town's Code Enforcement Officer. The superior court issued its writ of certiorari to review the decision. After a hearing, the superior court issued its order, finding extensive facts, and concluding that the Board's decision complied with substantive and procedural due process requirements, was supported by substantial evidence in the whole record, was within the Board's statutory authority, was a proper interpretation of the Town's Development Ordinance, and was neither arbitrary and capricious nor affected by error of law. Accordingly, the superior court dismissed petitioner's appeal.

The factual background appearing from the record is as follows: The Town's Development Ordinance contains the following provisions applicable to the issues before us:

Section 6-5.1 Applicability

This Section regulates all fences unless otherwise provided in this Ordinance. Fences are permitted in required setbacks according to Section 4-6.3 (Encroachments into Required Setbacks), provided the requirements of this Section are met.

Section 6-5.2 Permitted Fence Types

The following fence types are permitted in all zoning districts:

A.  Masonry or stone walls;

B.  Ornamental iron;

C.  Chain-link or woven wire; and

D.  Wood or similar material.

Section 6-5.3 Prohibited Fence Types

The following fence types are prohibited:

A.  Fences constructed primarily of barbed or razor wire, except for the purpose of enclosing livestock in agricultural zoning districts;

B.  Fences carrying electrical current, except for the purpose of enclosing livestock in agricultural zoning districts;

C.  *Fences constructed in whole or in part of readily flammable material such as paper, cloth or canvas;*

D. Fences topped with barbed wire or metal spikes in residential zoning districts, except those serving a public institution requiring a security fence for public safety purposes; and

E. Fences constructed of concertina wire.

Town of Summerfield, N.C., Dev. Ordinance 6-5.1 to -5.3 (2010) (emphasis added).

In March 2011, petitioner erected a fence approximately five to six feet high and approximately 300 feet in length along his property line. The fence was constructed of woven wire affixed to vertical steel posts. Approximately six months later, petitioner attached red and blue plastic tarps to the fence. Over time, some of the tarps were blown off the fence by the wind; portions of others were ripped and torn. After a meeting between the Town's Interim Town Planner, Carrie Spencer, its Code Administrator, John Ganus, and petitioner, Mr. Ganus issued a Notice of Violation to petitioner on 7 February 2012. The notice of violation provided, in pertinent part:

> This Warning Citation is issued for construction of a fence using materials of a prohibited type at the above described location. This is a violation of the Town of Summerfield Development Ordinance, Sections 6-5.1 and 6-5.3(C). The violations were observed or existed on December 20, 2011. You are hereby ordered to cease the above described violation by removal of the prohibited materials. A list of permitted fence types [is] provided in Section 6-5.2.

In response, petitioner submitted samples of the tarps to demonstrate that the material was not readily flammable so as to be prohibited by Section 6-5.3(C). Obtaining no relief, he gave written notice of appeal to the Town's Board of Adjustment. Prior to the Board's hearing of the matter, the Town withdrew that portion of the Notice of Violation based upon Section 6-5.3(C). After the hearing, the Board concluded that petitioner's act of "attaching" the tarps to the fence amounted to "construction of a fence using materials of a prohibited type," and affirmed the Notice of Violation.

---

The issues before the Court are whether the superior court erred (i) in concluding that the Board's proceedings did not violate petitioner's procedural due process rights, and (ii) in affirming the Board's decision upholding the Notice of Violation.

The standard of review depends on the issues presented on appeal. *Mann Media, Inc. v. Randolph Cnty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002). When the issue is "(1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the whole record test." *Id.* (internal quotation marks omitted). "However, [i]f a petitioner contends the [b]oard's decision was based on an error of law, *de novo* review is proper." *Id.* (internal quotation marks omitted).

When a court is asked to review a board's interpretation of an ordinance a court conducts a *de novo* review but also considers "the interpretation of the decision-making board, but is not bound by that interpretation, and may freely substitute its judgment as appropriate." N.C. Gen. Stat. § 160A-393(k)(2) (2011).

[1] First, we address petitioner's due process argument that he was not given adequate notice or a meaningful opportunity to be heard. We find this argument unconvincing.

The evaluation of a procedural due process claim requires a two part analysis. First, we must decide whether the State has interfered with a liberty or property interest. *In re W.B.M.*, 202 N.C. App. 606, 615, 690 S.E.2d 41, 48 (2010) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 571, 33 L. Ed. 2d 548, 557 (1972)). Then, we must determine if the State used a constitutionally sufficient procedure to interfere with the liberty or property interest. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472, 74 L. Ed. 2d 675, 688 (1983)).

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents*, 408 U.S. at 577, 33 L. Ed. 2d at 561. The Town of Summerfield's Development Ordinance provides: "Fences are permitted in required setbacks according to Section 4-6.3 . . . provided the requirements of this Section are met." Dev. Ordinance 6-5.1. This ordinance creates an entitlement because it secures the right of a person to have a fence. Therefore, petitioner has a property interest in his fence.

Next, we consider whether the procedure used by the Town of Summerfield was sufficient to protect petitioner's interest. "The fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Peace v. Emp't Sec. Comm'n of N.C.*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 84 L. Ed. 2d 494, 503 (1985)). "Moreover,

the opportunity to be heard must be 'at a meaningful time and in a meaningful manner.' " *Id.* (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66 (1965)).

In this case, petitioner was sent and received written notice of his ordinance violation. Before the hearing, petitioner met with Mr. Ganus and the town attorney, Mr. Hill, to clarify the scope of the hearing. At that meeting, they agreed to focus the hearing on whether the tarps were part of the fence. Petitioner understood the scope of the hearing. At the hearing, he stated: "my understanding is that this is to be limited to what is a fence, what can a fence be constructed of, is, is the tarps part of the fence." Therefore, petitioner had adequate notice of the purpose and scope of the hearing.

Petitioner was also given a meaningful opportunity to be heard. He was present for the hearing, understood the scope of the hearing, was allowed to ask Mr. Ganus questions, and was allowed to testify. Furthermore, petitioner, in an effort to show that the tarps were not part of the fence, testified that he attached tarps to the fence but that over time pieces of the tarps had blown away and he had not replaced them. Therefore, based on the evidence present in the record, petitioner's procedural due process right was not violated because he was given notice and an opportunity to be heard.

**[2]** Next, we address petitioner's contention that the Board erred in its interpretation of the ordinance. We find this argument meritorious.

To determine the meaning of the Town of Summerfield's Development Ordinance, we start by considering the plain language of the ordinance. *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002). " 'Where the language of a[n ordinance] is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the ordinance] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *Id.* at 575, 573 S.E.2d at 121 (quoting *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974)).

To determine the plain language meaning of the ordinance, we examine sections 6-5.1 through 6-5.7. The two sections relevant to our determination are sections 6-5.2 and 6-5.3.

After considering the language of these two sections, it is clear that section 6-5.3 provides a list of materials that may not be used in the construction of a fence based on the uniting theme of safety concerns. While section 6-5.2 clearly articulates the materials that may be used to

construct a fence, neither section 6-5.2 nor 6-5.3 generally states that a person may not attach things to a fence constructed in accordance with section 6-5.2 and 6-5.3.

We acknowledge the Board's determination that the fence was constructed of unpermitted material because the tarps became part of the fence when they were attached. However, we find that interpretation of the ordinance superimposes a limitation that is not found in the ordinance: that attaching things to a fence changes its structural composition. Petitioner's chain-link fence stood for approximately six months before he attached the tarps to it. The act of attaching tarps to the fence did not change the structure of the fence because if the fence was truly constructed of tarps it likely would not be a fence at all but rather a screen made of tarps. The tarps that petitioner attached are a nonstructural feature. Therefore, we hold that petitioner's fence, with tarps attached to it, is constructed of a permitted material, chain-link, and complies with section 6-5.2.

As a result of our determination that the Board erred in interpreting the ordinance, we do not need to consider petitioner's arguments that the Board's decision was arbitrary and capricious, and was not supported by substantial evidence. The decision of the superior court affirming the decision of respondent Board of Adjustment is reversed.

Reversed.

Judges GEER and STROUD concur.