IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-246

Filed 3 December 2024

Durham County, No. 22CVS3973

DURHAM GREEN FLEA MARKET, Petitioner,

v.

CITY OF DURHAM, Respondent.

Appeal by petitioner from order entered 9 June 2023 by Judge James E. Hardin Jr. in Durham County Superior Court. Heard in the Court of Appeals 9 October 2024.

*Perry, Perry, & Perry, PA, by Robert T. Perry, for petitioner-appellant.*

*Durham City Attorney's Office, by John P. Roseboro and Aarin K. Miles, for respondent-appellee.*

GORE, Judge.

Petitioner, Durham Green Flea Market ("DGFM"), appealed the decision of the Board of Adjustment for the City of Durham and Durham County ("BOA") that denied petitioner's appeal of a Notice of Violation ("NOV"). The Superior Court, Durham County, entered an Order on 9 June 2023: (1) affirming the BOA's administrative decision and (2) ordering petitioner to bring the property at issue into full compliance with a new site plan. Petitioner gave timely notice of appeal to this Court from the trial court's final Order. This Court has jurisdiction to hear and decide petitioner's appeal pursuant to N.C.G.S. § 7A-29. Upon review, we affirm.

In this case, respondent, City of Durham, issued a NOV to petitioner. The NOV indicated the violation: "Failure to comply with an approved site plan (D130045)." The NOV further specified, "[t]he above condition constitutes a violation of the Durham Unified Development Ordinance [("UDO")], Section 3.7.2, Applicability, Site Plan and 15.1.2 Violation (see attached). Correction of this violation will require the violator to remove all alterations inconsistent with the approved site plan within thirty (30) days of the receipt of this notice."

Upon receiving the NOV, petitioner filed an application for appeal of the NOV with the respondent's BOA. Petitioner alleged the NOV was issued in a discriminatory manner and was made contrary to respondent's policy (ordinance) and agreement with petitioner. The BOA held a hearing for this matter virtually on 22 September 2020. This case was continued, however, until the BOA resumed in-person hearings on 22 June 2022.

At the 22 June 2022 hearing, respondent's staff alleged the NOV:

> was [for] improvements to the property without site plan approval. There was a wide variety of things that was done to the property at the time that was without site plan approval, one of which was a permanent structure that covered handicap parking. . . . [S]o, we issued a [NOV] for numerous things. We didn't want to list just one thing because there were several different issues and things that [petitioner] has done to the property without site plan approval.

After a hearing on the NOV, the BOA voted 6 to 1 to uphold respondent's decision to issue a NOV to petitioner. The dissenting voter reasoned, "I cannot support

[respondent's] action due to the wording of the NOV . . . . [T]he NOV must list the violations. If there's 20 or 30, it must list 20 or 30. What this Notice is is a boilerplate form that doesn't meet the standards."

Petitioner appealed the BOA's decision to Superior Court, Durham County. The trial court determined that the NOV was properly issued by respondent's staff and that petitioner's due process rights were not violated. The trial court further ordered petitioner "to bring the property . . . into full compliance with a site plan, approved by the Durham City-County Planning Department, within thirty-six (36) months of the filing of the Order."

Petitioner presents two issues for review: (1) whether the trial court erred in concluding that petitioner's due process rights were not violated; and (2) whether the trial court abused its discretion by ordering petitioner to bring the property at issue into full compliance with a new site plan within thirty-six (36) months of the filing of the Order.

> The standard of review depends on the issues presented on appeal. When the issue is (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the whole record test. However, if a petitioner contends the board's decision was based on an error of law, de novo review is proper.

*Lipinski v. Town of Summerfield*, 230 N.C. App. 305, 308 (2013) (cleaned up) (quoting *Mann Media, Inc. v. Randolph Cnty. Planning Bd.,* 356 N.C. 1, 13 (2002)). "In reviewing a superior court order from an appeal of an agency decision, this Court has

a two-fold task: (1) determine whether the trial court exercised the appropriate scope of review and, if appropriate; (2) decide whether the court did so properly." *Kea v. Dep't of Health & Hum. Servs.*, 153 N.C. App. 595, 602 (2002) (cleaned up).

First, we address petitioner's due process arguments that the NOV "was not implemented in a fair manner" because: (1) respondent's staff failed to adhere to UDO § 15.2.1.A and 15.2.1.C; (2) the NOV was insufficient to inform petitioner in advance of the basis of the proceedings against petitioner; and (3) petitioner was not given notice and opportunity to be heard. In reviewing this claim, the superior court properly employed the de novo standard of review. *See* N.C.G.S. § 150B-51(b)(1)–(4), (c) (2023). We are unpersuaded by petitioner's arguments.

The UDO specifies, in relevant part: "When a violation is discovered, and is not remedied through informal means, written notice of the violation shall be given." UDO § 15.2.1.A. "Where the language of a[n] [ordinance] is clear and unambiguous, there is no room for judicial construction, and the courts must give [the ordinance] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 575 (2002) (cleaned up). The plain language of this section does not mandate the use of "informal means" before written NOV is given—it provides that when a violation is discovered, "informal means" are permitted. North Carolina General Statutes § 160D-404(a) ("Notices of Violation") contains no such limitation—it imposes no superseding requirement that informal means be

exhausted before written NOV is issued.

Petitioner contends respondent's staff improperly issued the NOV because it failed to adhere to UDO § 15.2.1.C, which requires, in relevant part: "The notice shall include a description of the violation and its location, the measures necessary to correct it[.]" The NOV in question does, however, include these necessary components. The written NOV describes the violation: "Failure to comply with an approved site plan (D130045)[,]" includes attached images with location for reference, and specifies, "correction of this violation will require" removal of "all alterations inconsistent with the approved site plan[.]"

Petitioner generally argues respondent's NOV was "not implemented in a fair manner" because the NOV was insufficient to inform petitioner in advance of the basis of the proceedings against petitioner, and petitioner was not given sufficient opportunity to be heard. We disagree.

"The fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Peace v. Emp. Sec. Comm'n of N. Carolina*, 349 N.C. 315, 322 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985)). "Moreover, the opportunity to be heard must be 'at a meaningful time and in a meaningful manner.' " *Id.* (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)).

The facts before us are like those in *Lipinski*, a case in which we held the "petitioner had adequate notice of the purpose and scope of the hearing" and was

"given notice and an opportunity to be heard[ ]" at a subsequent hearing. 230 N.C. App. at 309. Here, the NOV listed the violation and provided contact information with the option to reach respondent's staff directly to inquire about the violation at issue. Petitioner had two opportunities to be heard on the violation. At a quasi-judicial hearing, an attorney appearing on their behalf presented argument and testimony.

Based upon the record, N.C.G.S. § 160D-404(a), and UDO § 15.2.1, the trial court properly concluded that petitioner's due process rights were not violated.

In the second issue presented, petitioner argues the trial court abused its discretion by ordering petitioner to bring the property at issue into full compliance with a new site plan within thirty-six (36) months of the filing of the Order. We disagree.

Here, the trial court affirmed the BOA's order, which states, "[T]he requirements for reversing the [NOV] in [this case] have NOT been met, and that appeal is DENIED." The written NOV required compliance with an approved site plan "within thirty (30) *days* of the receipt of this notice." The Order of the trial court affirmed the BOA's decision and provided petitioner with additional time to bring their property into compliance. Petitioner has not shown an abuse of discretion where the trial court implemented a three (3) *year* window to bring the site into compliance instead.

For the foregoing reasons, the NOV was issued in compliance with N.C.G.S. §

160D-404(a), UDO § 15.2.1.C, UDO § 15.2.1.A, and in a fair manner in compliance with the due process. The trial court applied the appropriate standard of review, properly upheld the BOA's decision, and did not abuse its discretion in expanding the time constraints for petitioner to bring their site into compliance.

AFFIRMED.

Judge FLOOD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

The superior court unlawfully denied Durham Green Flea Market ("DGFM") its Due Process rights. The City and the court failed to comply with and enforce the statutory and city ordinance requirements for issuing a lawful notice of violation. The City also did not comply with the constitutional requirements to hold an impartial, quasi-judicial hearing, which the superior court affirmed. I respectfully dissent.

## I. Background

The City of Durham issued a purported Notice of Violation ("NOV") to DGFM based upon the City of Durham's Unified Development Ordinance ("UDO") § 15.2.1.A. The UDO specifies "[w]hen a violation is discovered, and is not remedied through informal means, *written notice of the violation shall be* given." (emphasis supplied). When such a notice is issued, UDO § 15.2.1.C mandates it "*shall include a description of the violation and its location*, the *measures necessary to correct it*, the possibility of civil penalties and *judicial enforcement* action, and *notice of the right to appeal*." UDO § 15.2.1.C (emphasis supplied).

The NOV issued to DGFM wholly failed to comply with these mandates. The notice identified the sole alleged violation as a "failure to comply with an approved site plan" and stated, "[c]orrection of this violation will require the violator to remove all alterations inconsistent with the approved site plan" as the measures necessary to correct the purported violation.

DFGM timely appealed.  At the Board of Adjustment hearing, the dissenter to the board's decision correctly identified the NOV as unlawful and inadequate:

> "I cannot support the City's action due to the wording of the Notice of Violation. . . . [I]n my opinion, the Notice of Violation must list the violations.  If there's 20 or 30, it must list 20 or 30.  What this Notice of Violation is [ ] a boilerplate form and it doesn't meet the standards. . . . [E]ven if there's numerous obvious violations going on, the City must follow the correct procedures."

I agree.  The NOV failed to specify how DFGM had purportedly failed to comply with the site plan, which violates the UDO § 15.2.1.C's requirement for all notices to contain a "description of the violation[.]"  The notice also failed to list the "measures necessary to correct it" or describe any specific measures DGFM could implement to be in full compliance.  UDO § 15.2.1.C.  These failures clearly conflict with the notice of violation requirements provided in UDO § 15.2.1.C, the mandates established in N.C. Gen. Stat. § 160D-1402(k) (2023), and the statutory rules of construction favoring the free use of property.  *See Innovative 55, LLC v. Robeson Cty.*, 253 N.C. App. 714, 720, 801 S.E.2d 671, 676 (2017).  DGFM was denied adequate notice and a fair hearing.  The City of Durham violated DGFM's rights to Due Process under the law.  U.S. Const., amend. XIV, § 1; N.C. Const. art. I, § 19.

## II.    Standard of Review

When reviewing a superior court's order regarding a quasi-judicial zoning board of adjustment's decision, this Court is tasked with "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2)

deciding whether the court did so properly." *Harding v. Bd. of Adjustment of Davie Cnty.*, 170 N.C. App. 392, 395, 612 S.E.2d 431, 434 (2005) (citations omitted). When reviewing whether a superior court's order regarding "a zoning board of adjustment's decision [was proper], [t]he scope of our review is the same as that of the trial court." *Id.* (citations and quotations omitted). The proper standard of review "depends upon the particular issues presented on appeal." *Mann Media, Inc. v. Randolph Cnty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citation omitted).

Where the petitioner alleges "'the Board's decision was based on an error of law, 'de novo' review is proper.'" *Sun Suites Holdings, LLC v. Board of Aldermen of Garner*, 139 N.C. App. 269, 272, 533 S.E.2d 525, 527-28 (2000) (quoting *JWL Invs., Inc. v. Guilford County Bd. of Adjust.*, 133 N.C. App. 426, 429, 515 S.E.2d 715, 717). "Under de novo review a reviewing court considers the case anew and may freely substitute its own interpretation of an ordinance for a board of adjustment's conclusions of law." *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjustment,* 365 N.C. 152, 156, 712 S.E.2d 868, 871 (2011) (citation omitted).

### III.    Plain Language

"'[A] zoning ordinance, being in derogation of common law property rights, should be construed in favor of the free use of property.'" *Innovative 55*, 253 N.C. App. at 720, 801 S.E.2d at 676 (first quoting *Dobo v. Zoning Bd. of Adjustment of Wilmington*, 149 N.C. App. 701, 712, 562 S.E.2d 108, 115 (2002) (Tyson, J., dissenting), *rev'd per curiam*, 356 N.C. 656, 576 S.E.2d 324 (2003)); and then citing

3

*City of Sanford v. Dandy Signs, Inc.*, 62 N.C. App. 568, 569, 303 S.E.2d 228, 230 (1983)).

When the language of an ordinance is clear and unambiguous, "the courts must give it its plain and definite meaning." *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974). The "words should be given their natural and ordinary meaning, and need not be interpreted when they speak for themselves." *Grassy Creek Neighborhood All. v. City of Winston-Salem*, 142 N.C. App. 290, 297, 542 S.E.2d 296, 301 (2001) (citations omitted).

The plain language of UDO § 15.2.1 is unambiguous. "When a violation is discovered, *and is not remedied through informal means, written notice of the violation shall be given*." UDO § 15.2.1.A (emphasis supplied). "The City must follow the requirements of the statute and charter, and the ordinances and procedures it established." *State ex rel. City of Albemarle v. Nance*, 266 N.C. App. 353, 361, 831 S.E.2d 605, 611 (2019).

Based upon the plain language and mandate of the ordinance, written notice of specific violation(s) must be issued *after* a violation was not remedied through informal means. *See* UDO § 15.2.1.C. The City immediately issued the purported NOV to DGFM without attempting to resolve the dispute informally or by allowing DGFM an opportunity to abate or cure any purported violation. *See MR Ent., LLC v. City of Asheville*, __ N.C. App. __, __, 905 S.E.2d 246, 251 (2024). The City failed to issue a lawful NOV according to the unambiguous language of the ordinance and

4

governing statutes. UDO § 15.2.1.C.

Additional language within the ordinance further supports this conclusion. The NOV must also include "a description of the violation and its location, the measures necessary to correct it, the possibility of civil penalties and judicial enforcement action, and notice of the right to appeal." UDO § 15.2.1.C.

As the dissenting member of the board correctly noted, the notice fails to allege which elements of the approved site plan were non-compliant or "the measures necessary to correct" them. UDO § 15.2.1.C. The City carries the burden of proving the existence of a violation of a local zoning ordinance. *City of Winston-Salem v. Hoots Concrete Co.,* 47 N.C. App. 405, 414, 267 S.E.2d 569, 575 (1980). Because the City further failed to provide DGFM the informal means to cure or abate and failed to describe the specific measures required to correct the property's unstated inconsistencies with or deviations from the site plan, the NOV fails to satisfy the plain language requirements of the ordinance. *See id.*; UDO § 15.2.1.C.

### IV. Judicial Notice and Due Process

"To receive adequate notice, the bases for the sanctions must be alleged. . . . In order to pass constitutional muster, the person against whom sanctions are to be imposed must be advised in advance of the charges against him." *Dunn v. Canoy*, 180 N.C. App. 30, 40, 636 S.E.2d 243, 250 (2006) (brackets, citation, and quotations omitted). The mandates of Due Process and adequate notice is to inform a party of alleged failure to comply with the law and an opportunity to cure before depriving

the owner of their property rights. *McMillan v. Robeson Cnty.,* 262 N.C. 413, 417, 137 S.E.2d 105, 108 (1964).

The UDO mandates the purported non-confirming party must have the opportunity to cure and rectify the violation and the opportunity to be heard. *See* UDO § 15.2.1.C; *City of Randleman v. Hinshaw*, 267 N.C. 136, 139-40, 147 S.E.2d 902, 904-05 (1966). "[T]he opportunity to be heard must be 'at a meaningful time and in a meaningful manner.'" *Lipinski v. Town of Summerfield*, 230 N.C. App. 305, 309, 750 S.E.2d 46, 49 (2013) (quoting *Peace v. Employment Sec. Com'n of North Carolina*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998)).

In *Lipinski*, this Court held the petitioner's procedural Due Process rights were not violated because a meaningful opportunity to be heard was provided. *Id.* The petitioner was sent and received notice of a city ordinance violation, was able to meet with the town attorney to clarify the specific violation, and the parties agreed upon the scope and issues of the hearing beforehand. *Id.* At the hearing, the petitioner testified and was able to present evidence and ask questions. *Id.*

Unlike the petitioner in *Lipinski*, DGFM was unaware of the specific nature of the purported violations, and it was not given the opportunity before the hearing to informally meet with the site compliance officer to clarify, cure, or abate the specific violation(s). DGFM was not afforded a meaningful opportunity to be heard at the hearing. DGFM was barred from presenting evidence at the hearing of the alleged discriminatory and selective enforcement of the ordinance compared to similarly-

6

situated businesses in the area.

According to *Lipinski,* Due Process mandates a party purportedly violating a city ordinance must be notified of and given an opportunity to abate and cure the specific violations, afforded a pre-hearing conference to determine the scope of the hearing, and given the opportunity to be meaningfully heard. *Id.* The City has the burden and cannot reasonably show DGFM was afforded adequate notice and Due Process under the law. *Id.*; *City of Winston-Salem,* 47 N.C. App. at 414, 267 S.E.2d at 575.

A property owner must be sufficiently informed, not only of the proceedings against him, but also provided a "description of the violation and its location" and the "measures necessary to correct it." UDO § 15.2.1.C. A property owner in violation of a non-specific "failure to comply" cannot be characterized as being "on notice" of the violation itself or of the measures necessary to abate, correct, or cure the violation. Providing the "measures necessary to correct" any purported violation as an inverse statement of the violation itself is insufficient notice of the City's expectations or means to comply. *See id.* Without this specific information, correction of the violation requires the property owner to guess or infer what issue, or possibly several issues, the City is referring to or the "measures necessary" to abate or cure them.

Without evidence of the specific violations and ameliorative measures, DGFM could not rectify the violations it believes the City complains of without possibly being in violation of other unidentified problems. The proposed remedy for DGFM's

unspecified "failure to comply with [the] site plan" cannot merely be another unspecified "word salad" of "compliance with the site plan." *Id.*

This lack of specificity allows the City of Durham to "make it up" at the hearing or as the process proceeds and transforms the unlawful Notice of Violation into a prohibited "General Warrant", proscribed by the Due Process clause of the Fifth Amendment and prohibited by the Fourteenth Amendment. *See Andresen v. Maryland*, 427 U.S. 463, 491-92, 49 L. Ed. 2d 627, 649 (1976); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950) ("An elementary and fundamental requirement of Due Process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); U.S. Const., amends. V, XIV, § 1; N.C. Const. art. I, § 19.

The mandates of Due Process and notice is to specifically inform a party of its failure to comply with the law before depriving him of rights to the property. *McMillan,* 262 N.C. at 417, 137 S.E.2d at 108; *Innovative 55, LLC.*, 253 N.C. App. at 720, 801 S.E.2d at 676.

The City failed to provide adequate advance notice of the specified site plan violations and, as such, DGFM did not have the necessary information to abate, cure, or be adequately heard or present evidence at a fair and impartial hearing, in violation of DGFM's Due Process rights. *Id.*

## V. Abuse of Discretion

The superior court is empowered by N.C. Gen. Stat. § 160D-1402(k) to "affirm the decision, reverse the decision and remand the case with appropriate instructions, or remand the case for further proceedings." N.C. Gen. Stat. § 160D-1402(k) (2023).

The trial court affirmed the Board of Adjustment's denial of appeal and *sua sponte* ordered DGFM to "bring the property . . . into full compliance with a site plan, *approved by the Durham City-County Planning Department*." (emphasis supplied). The order instructed DGFM to comply with filing a new site plan, rather than specifying the requirements for DFGM to achieve full conformity with the existing, approved site plan. The order merely reiterated the directions the court had made to counsel "for petitioner to submit for review and approval a site plan which is compliant with the law, for which the Durham City County Board has authority, or to come into compliance with the current site plan."

The statute does not authorize the superior court under *certiorari* and appellate review to both affirm the Board and further enlarge the burdens on Petitioner in its order. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11-12, 387 S.E.2d 655, 662 (1990) ("In its capacity as an appellate court reviewing the town's quasi-judicial subdivision permit hearing, the superior court could not properly grant summary judgment. . . . The superior court judge may not make additional findings." (citations omitted)). The trial court committed an error of law and abused its discretion by creating and modifying the instructions for how DGFM may come into

9

unspecified compliance with the site plan, including by requiring DGFM to submit a new site plan, when DFGM was provided defective and unspecified notice and no fair opportunity to be heard. N.C. Gen. Stat. § 160D-1402(k).

## VI.    Conclusion

The trial court failed to correctly interpret and apply the plain meaning of the UDO's mandates. UDO § 15.2.1.C. The City of Durham failed to provide an informal means to correct, cure, or abate, or to issue a specific notice of violation, or to provide a fair hearing. *See id.*; N.C. Gen. Stat. § 160D-1402(k); *Lipinski*, 230 N.C. App. at 309, 750 S.E.2d at 49; *McMillan,* 262 N.C. at 417, 137 S.E.2d at 108; *Innovative 55, LLC.*, 253 N.C. App. at 720, 801 S.E.2d at 676; *Mullane,* 339 U.S. at 314, 94 L. Ed. at 873.

The trial court also failed to protect DGFM's Due Process rights under the ordinance and statute. *Id.* In doing so, the trial court and the City denied DGFM of specific notice and an opportunity to abate or cure and its statutory and Due Process rights to present evidence, testimony, or be impartially heard. *See Lipinski*, 230 N.C. App. at 309, 750 S.E.2d at 49; *Mullane,* 339 U.S. at 314, 94 L. Ed. at 873. The order is affected by prejudicial errors mandating reversal and remand for entry of dismissal of the purported violations. *See MR Ent.*, __ N.C. App. at __, 905 S.E.2d at 251. I respectfully dissent.